IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHRIS THOMASON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-CV-44-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and Supplemental Security Income (SSI), finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I. Whether the ALJ assigned appropriate weight to the treating physician's opinion.**

**II. Whether the ALJ properly evaluated Plaintiff's credibility.**

### Administrative Proceedings

Plaintiff Chris Thomason filed applications for Social Security disability insurance benefits and supplemental security income on December 10, 2013, alleging that he has been disabled to work since December 1, 2013. His claims were denied on May 7, 2014 and on reconsideration on July 14, 2014. He filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on September 2, 2014 which was held on November 3, 2015. Plaintiff appeared at the hearing with his attorney and gave testimony. A vocational expert (VE) also was present and testified. Tr. 60. On December 1, 2015 the ALJ issued a written decision denying Plaintiff's applications for benefits. Tr. 57-81. Plaintiff sought review by the Appeals Council on December 23, 2015 but was denied on March 14, 2016. Tr. 55-56, 1-7. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff brings this action seeking judicial review of the final decision by the Commissioner to deny his claims. This case is ripe for review.

### Statement of Facts and Evidence

When the ALJ rendered his unfavorable decision in Plaintiff's case, Plaintiff was fifty-two years old. His education is limited and he has past relevant work as a cashier, waiter and truck driver. Tr. 106, 160, 117. In his applications, he alleged he is disabled

4

to work due to back and hip disorders, fibromyalgia, hypertension, hearing loss and depression. Tr. 294. In conducting the five-step sequential evaluation process for determining whether a claimant is disabled, the ALJ found at step two that Plaintiff has severe impairments of osteoarthritis, fibromyalgia, borderline intellectual functioning, depression, right hip replacement and degenerative joint disease in the left hip, alcohol abuse, anxiety, hepatitis-C, ventral hernia, and allergies. Finding No. 3, Tr. 62-63. The ALJ determined at step three that these impairments, considered alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 4, Tr. 63-64. Between steps three and four the ALJ formulated a residual functional capacity assessment (RFC) which allows Plaintiff to engage in a limited range of light work with both exertional and nonexertional restrictions as well as environmental and postural restrictions. Finding No. 5, Tr. 64-73. At step four, the ALJ found that Plaintiff's RFC prevents him from performing any of his past relevant work. Finding No. 6, Tr. 73. The ALJ then developed hypothetical questions which were posed to a VE who testified that Plaintiff could work within the RFC assessment as a silverware wrapper, routing clerk, and shipping and receiving weigher at the light exertional level and as a document preparer, telephone information clerk and addresser at the sedentary exertional level. Finding No. 10, Tr. 74. Therefore, the ALJ found Plaintiff not disabled to work. Finding No. 11, Tr. 75.

## DISCUSSION

In his brief before the Court, Plaintiff first asserts that the ALJ gave only little weight to the opinion of a treating physician without good cause for doing so. In his second contention, Plaintiff argues that the ALJ discounted his credibility as to the effects of symptoms caused by fibromyalgia and pain without providing an adequate explanation of his reasons. Pl.'s Br. 1, 2. The Commissioner responds that her decision is supported by substantial evidence and was reached applying the correct legal standards. Comm'r's Br. 3. The Court addresses the issues in the order in which Plaintiff raised them.

**I.  Did the ALJ assign appropriate weight to the treating physician's opinion?**

Plaintiff contends the ALJ erred in his consideration of the medical evidence and opinions of David Stewart, M.D., a treating physician. Dr. Stewart first saw Plaintiff on March 31, 2015 in the pain management clinic at Eastside Medical Center when he presented with complaints of back and hip pain. He described Plaintiff as "stable and functional" and continued current medications for pain with suggestions for diet and exercise and smoking cessation. Tr. 583-84. He was next seen by Dr. Stewart on May 26, 2015 with complaints of neck, lower back, and hip pain. After examination, Dr. Stewart continued pain management medications with a notation to "encourage increased physical activity, diet, exercise and weight loss." Tr. 580-81. Dr. Stewart saw him for a third time on July 21, 2015 for reported neck pain spreading through the shoulders. Again, Dr. Stewart continued Plaintiff on pain medications and again urged him to lose weight, stop smoking and exercise. Tr. 577. He was seen by Dr. Stewart two additional times—on August 21 and September 16, 2015. At both visits, like the previous ones,

Plaintiff was given renewed prescriptions for pain medications and directed to lose weight and exercise. Tr. 570-74.

Other than his subjective complaints, there is little or no objective evidence of the pain of which he complains. He reported that "I ache all over" and rated his pain score at 6/10 on his final visit on September 16, 2015. Tr. 570. On March 3, 2015, Dr. Stewart completed a form entitled "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)" which restricted Plaintiff to less than two hours daily of standing and/or walking and less than two hours of sitting with a need for postural change every fifteen minutes. The doctor also checked a space indicating Plaintiff would be absent from work more than three times per month. Tr. 513-15. The ALJ discounted Dr. Stewart's conclusions as set out in the form finding them to be unsupported by other medical evidence of record—such as imaging—and contradicted both by the doctor's own clinical notes about strength and Plaintiff's reports of his daily activities. Tr. 70. This is permissible and supported by the evidence of record. *Reynolds-Buckley v. Comm'r of Soc. Sec.,* 457 F. App'x 862 (11th Cir. 2012). Other than refill prescriptions to manage pain, Dr. Stewart's only therapeutic intervention was to recommend smoking cessation, weight loss, better diet and exercise. This sustained course of treatment belies his statements about the extent of Plaintiff's physical limitations in the summary form responses. The ALJ did not err in giving the doctor less than controlling weight and adequately explained why he did so. Plaintiff's first contended error has no merit.

7

## II. Did the ALJ properly evaluate Plaintiff's credibility?

In his second asserted error Plaintiff argues that the ALJ failed to provide explicit and adequate reasons for rejecting his testimony about the symptoms of his impairments. After expressly stating that he found Plaintiff to be "not entirely credible" in his testimony about the intensity, persistence and limiting effects of his symptomology, the ALJ articulated his reasons for doing so. First, he discussed the medical evidence of record, noting only mild degenerative disc disease with intact nerve roots. Tr. 66. He also noted "good range of motion" in both hips and magnetic resonance imaging studies that showed only mild tendinopathy with no narrowing in the spinal canal. Next, the ALJ considered that the only treatment sought or prescribed was pain management through prescription medicine and recommendations for smoking cessation, better diet and exercise. Tr. 67-68. The ALJ then reviewed Plaintiff's self-reported activities of daily living and found them to be inconsistent with the extent to which he claimed the symptoms of his impairments limited him. Tr. 68-69.

This analysis follows the regulations the Commissioner has prescribed for determining the extent to which pain or other symptoms limit a claimant's ability to engage in work-related activity and making a reasoned credibility assessment of subjective complaints. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c), 416.929(c). Although the ALJ found fibromyalgia as a severe impairment, he is not "required to attribute severe pain" to the fibromyalgia. He clearly articulated his reasons for discounting Plaintiff's asserted pain. *Laurey v. Comm'r of Soc. Sec.,* 623 F. App'x 978 (11th Cir. 2015). There is no merit in Plaintiff's second assertion of error.

8

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 13th day of April, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE